Emerson SUTTON, Appellant,

v.

UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; Kenneth D. Lange; Charles H. Hopkins, Appellees.

No. 88–2257.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1989.

Decided Sept. 19, 1989.

Elbert A. Walton, Jr., St. Louis, Mo., for appellant.

Joseph B. Moore, St. Louis, Mo., for appellees.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Emerson Sutton appeals the District Court's [1] decision that he is not entitled to relief on his claim that the Department of Housing and Urban Development (HUD) violated his due process rights and acted arbitrarily and capriciously when it did not recertify him as a panel fee appraiser for HUD insured mortgages. We affirm.

## I.

HUD maintains a list of private fee appraisers, who are appointed for one-year terms to perform appraisals of property purchased with HUD-insured mortgages. When a lender seeks HUD insurance on a proposed mortgage loan, HUD requires that the subject property be appraised by one of the appraisers on the list. HUD then assigns the appraisal job on a rotational basis to an appraiser on their list. Although the appraisers are not federal employees and generally perform only two or three appraisals per month, their activities as certified fee appraisers can generate substantial income.[2]

Appellant was certified as a member of the private fee appraiser panel on May 1, 1971. He was recertified to serve on the panel for each year thereafter through April 1987. By letter dated April 21, 1987, Charles H. Hopkins, Chief of the HUD valuation branch, informed appellant that he would not be recertified for appraisal services effective May 1, 1987, and advised him of his right to meet with Hopkins to discuss his nonrecertification and his right to appeal to the Office Manager, Kenneth Lange. On April 23, 1987, appellant wrote to Lange, asking for a delay and reconsideration of the May 1 nonrecertification, for certain documentation, and for a meeting with the Branch Chief. Lange replied by certified mail on April 29, 1987, denying the request for delay and advising appellant of the status of the document request. In response to a second letter from appellant,

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. During the panel year May 1, 1986 through April 30, 1987, appellant earned $63,510 from his activities as a HUD-certified fee appraiser.

Lange wrote to him on May 14, 1987, stating:

> You were not recertified as a fee appraiser because of your repeated and continuous engagement in a course of conduct that is prejudicial and damaging to the interests of this Department. This conduct concerns your wrongful possession and use for your own personal benefit and gain properties at 4214 Marlin Drive and 8417 St. Olaf, St. Louis, Missouri, and the rents derived therefrom after these properties were foreclosed and conveyed to the Secretary of Housing and Urban Development.

Plaintiff's Exh. 9. After responding to appellant's requests for documents, Lange concluded the letter by asking appellant to "Please contact me, at your convenience, to schedule a meeting to discuss your nonre-certification."

Appellant did not correspond further with HUD in regard to the offered meeting. Instead, he filed the instant suit in federal district court, seeking to compel his recertification. After a hearing on appellant's request for a preliminary injunction and a trial on the merits, the District Court entered judgment in favor of appellees. This appeal followed.

## II.

■ Appellant argues that his due process rights were violated by HUD's action in refusing to recertify him to the private appraiser panel without notice and a hearing. Because we conclude that appellant's interest in recertification is not within the range of property and liberty interests protected by the due process clause, we must reject this argument.

It is well established that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the [Fifth] Amendment's protection of liberty and property" and that "the range of interests protected by procedural due process is not infinite." *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Thus, to invoke procedural due process protections, appellant must have either a property or a liberty interest in being recertified to the private fee appraiser panel.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Although appellant's complaint filed in the District Court alleged that he had been "deprived of his property rights without due process of law," he has not at any time either before the District Court or before this Court made any attempt to identify the source of that asserted right. *See Roth,* 408 U.S. at 577, 92 S.Ct. at 2709 ("Property interests ... are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."). Appellant has not proved that any claim of entitlement is legitimate in light of the policies and practices of HUD with regard to the composition and maintenance of the private fee appraiser panel. *See Perry v. Sindermann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). Instead, appellant argues in conclusory terms that his due process rights were violated by HUD's failure to provide "prior substantive notice of charges and reason for removal and ... a prior evidentiary hearing." *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law at 5; *see also* Appellant's Brief at 13–14.[3]

---

**3.** The District Court entered judgment in favor of the appellees without any explicit consideration of appellant's constitutional due process claim. Instead, that Court considered only whether HUD's failure to comply with its own procedures warranted relief for appellant: "While it appears that plaintiff was entitled to a written notification of the reasons for his re-moval prior to expiration of his certification, this omission alone cannot support a successful action against any of the defendants where plaintiff's non-recertification was justified and where the defendants provided him with notice of their action prior to its effective date. Plaintiff had the opportunity to meet with defendant Hopkins prior to the expiration of his certifica-

Appellant's failure to point to any source of his alleged property right in his status as a panel fee appraiser for HUD is reason enough for our affirmance of the District Court's adverse judgment on appellant's due process claim. In addition, our gratuitous review of the agency documents governing fee appraiser panels—a review that owes nothing to anything in appellant's briefs or argument—leads us to conclude that no such property interest exists. First, we find it significant that membership on the panel does not amount to government employment; rather, it simply represents the opportunity to do business with those seeking government-insured mortgages. The panel is constituted, on a year-to-year basis, merely to provide a pool of approved appraisers to perform work not for the government (although an authorized appraisal is required to obtain HUD insurance on a mortgage) but for private entities seeking to do business with the government. The HUD handbook which sets out the procedures applicable to HUD's maintenance of fee appraiser panels is instructive. Section 1–12(b) of that handbook provides that:

> Appointments by designation are the responsibility of the Branch Chief and must be for only a year at a time. At the end of the year the selecting official may determine they will not be recertified. This decision must be based on documented evidence that performance does not warrant continued panel membership. Factors to be considered in performance standards include technical competence, co-operation, timeliness of work, and professionalism in dealing with the public. Removal must be preceded by written notification of the reasons for the decision.

HUD Handbook 4020.1 (Aug. 17, 1984 revision). This section makes clear that the term of appointment is limited to one year, and that the selecting officials are vested with discretion, albeit somewhat limited, to determine whether an appraiser should be recertified from year to year. Moreover, subsection (e) of that same section in the handbook notes that the nonrecertification of a panel member is not suspension or debarment and therefore the appeal procedures set out in the Code of Federal Regulations for those kinds of agency action do not apply to this situation.[4] Rather, a panel member notified of nonrecertification has the right to meet with the Branch Chief and discuss the decision if he so desires, and then to appeal to the office manager or his designee. Given the non-permanent structure of the panel and the broad discretion vested in agency officials to determine whether panel members will be recertified, we do not believe that the procedures set out in the handbook create a property interest.[5] *See Hill v. Group Three Housing Development Corp.*, 799 F.2d 385, 392 (8th Cir.1986). We conclude that appellant had no property interest in continuing membership on the private fee appraiser panel, and thus no constitutionally protected claim of entitlement to recertification.

In holding that appellant has no property interest in these circumstances, we find instructive those cases holding that citizens suspended from doing business with the government have no constitutionally protected property interest in obtaining government contracts. *See, e.g., ATL, Inc. v. United States*, 736 F.2d 677, 683 (Fed. Cir.1984); *Transco Security, Inc. v. Freeman*, 639 F.2d 318, 321 (6th Cir.), *cert.*

---

tion and, in any event, he was informed of the major reasons for the action soon after his certification expired." *Sutton v. HUD*, No. 87–0963C(5), memorandum op. at 5–6 (E.D.Mo. July 18, 1988).

4. In contrast, subsection (d) states that the termination of membership on the panel (as opposed to the non-recertification) must be done strictly according to the procedures found in 24 C.F.R. Part 24 for unsatisfactory performance.

5. Nor does a memorandum prepared by a HUD official further limit agency discretion so as to create a property interest. Although the memo states that "no fee member should be removed from the panel unless there is substantial evidence in the file of untimeliness, uncooperativeness or less than acceptable performance," it also states that the handbook provision we discuss in the text "covers panel appointments, removal, and the reduction of the size of the panel."

*denied,* 454 U.S. 820, 102 S.Ct. 101, 70 L.Ed.2d 90 (1981); *Gonzalez v. Freeman,* 334 F.2d 570, 574 (D.C.Cir.1964).

Appellant relies on *Gonzalez* to argue that his predicament here is equivalent to the debarment there and, belatedly, in his reply brief, that his liberty interest was implicated. The Court in *ATL, Inc.* noted that a bidder who lacks a property interest in a government contract might still have a liberty interest at stake "where the suspension is based on charges of fraud and dishonesty." 736 F.2d at 683 (footnote omitted). Appellant contends that the agency decision here results from charges of that sort. We disagree.

By refusing to recertify appellant to the private appraiser panel, HUD did not "make any charge against him that might seriously damage his standing and associations in his community." *See Roth,* 408 U.S. at 573, 92 S.Ct. at 2707. In *Roth,* the Supreme Court noted that a governmental decision not to rehire an employee does not necessarily impose on him a "stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Id.* In the same vein, HUD's decision not to recertify appellant to the panel imposes even less of a disability, since appellant's panel membership was not his only professional endeavor. The nonrecertification, the reasons for which were not made public, does not impose a stigma or foreclose him from seeking appraisal work outside the HUD referral system. *See Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976).

We hold that appellant has failed to demonstrate that the agency's decision violated any of his due process rights.[6]

### III.

Appellant's second argument for reversal is that HUD's decision not to recertify him to the appraisal panel was arbitrary and capricious. We find no merit in this argument.

■ Our scope of review in a situation in which, as here, an agency has exercised discretion on a matter that lies within its competence is to determine whether the agency has exceeded statutory authority, has acted arbitrarily, or has failed to follow the necessary procedural requirements. *See Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415–16, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971); *Oglala Sioux Tribe v. Andrus,* 603 F.2d 707, 713 (8th Cir.1979); 5 U.S.C. § 706. "Agency action may not be set aside on grounds that it is arbitrary and capricious if the action is rational, based on relevant factors, and within the agency's statutory authority." *Frisby v. HUD,* 755 F.2d 1052, 1055 (3d Cir.1985) (citation omitted).

■ We hold that HUD's decision not to recertify appellant was not arbitrary or capricious. The manner in which appellant conducted his real estate business, particularly with regard to properties on which HUD had foreclosed,[7] certainly placed him in an awkward position vis-a-vis the lending institutions and others he worked with as a member of the fee appraiser panel. We believe that HUD justifiably found that

---

**6.** This is not to say that the agency was not obligated to follow its own procedures, as set out in the HUD handbook, in effecting nonrecertification. The agency's failure to apprise appellant of the reasons for his nonrecertification before the effective date thereof appears to be a technical violation of those procedures. We do not believe, however, that this failure provides a basis for relief, since appellant was offered the opportunity to meet with the branch chief prior to the effective date of his nonrecertification, was given reasons for the decision soon thereafter, and chose to litigate rather than pursue agency procedures.

**7.** HUD brought an unlawful detainer action against appellant with regard to the St. Olaf property and received possession of the property pursuant to a settlement of that action. *See* Appellant's Exh. 18; Appellant's Reply Brief at 9. In addition, between December 1984 and October 1986, appellant filed three petitions in bankruptcy for Chapter 11 reorganizations, none of which resulted in a successful reorganization. These bankruptcies involved several properties on which appellant was in default to lending institutions. As a member of the private fee appraiser panel, appellant was assigned to perform appraisals that were used by those same lending institutions. *See* Trial Transcript at 25.

appellant had not exhibited "professionalism in dealing with the public," which, under Section 1–12(b) of the handbook, warranted a decision that he not be recertified. Thus, because the agency's action was rational, based on relevant factors, and within its authority, we conclude that it may not be set aside as arbitrary or capricious.

The judgment of the District Court is AFFIRMED.