**RUST CONSTRUCTION COMPANY, INC., Jerry Rust, and Sandra Rust, Plaintiffs,**

v.

**Lynn MARTIN, Secretary of Labor, Defendant.**

**No. 91–0428C(5).**

United States District Court, E.D. Missouri, E.D.

Jan. 3, 1992.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Gerald Krizan, Executive Secretary, Wage Appeals Bd., Dept. of Labor, Washington, D.C., for defendant.

LIMBAUGH, District Judge.

## MEMORANDUM

This lawsuit, brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, seeks review and reversal of a 1987 decision by the Wage Appeals Board (WAB) of the United States Department of Labor. The WAB's decision reversed an earlier decision by a Department of Labor Administrative Law Judge (ALJ) not to debar the plaintiffs from future government contracts. The WAB instead debarred the plaintiffs from federal contracts for one year effective June 26, 1990. Although the plaintiffs concede the violations, have paid the back wages owed, and the debarment period has expired, they seek *de novo* review by this Court of the WAB's debarment decision and to have the debarment expunged from their record. Plaintiffs' filed a motion for summary judgment on June 4, 1991. On August 19, 1991 the defendant filed her response to the plaintiff's summary judgment motion and filed her own summary judgment motion. As of this date, plaintiffs have not responded to the defendant's summary judgment motion.

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law" *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the non-moving party. *Robert*

Susman, Schermer, Rimmel & Shifrin, Ross A. Friedman, St. Louis, Mo., for plaintiffs.

*Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976).

A review of the parties' pleadings and the official administrative record reveals that the facts of this case are undisputed. What appears to be in dispute is whether or not the plaintiffs should have been debarred. The plaintiffs contend that the WAB improperly reversed the decision of the ALJ, and seek a *de novo* review by this Court of the WAB's decision. The defendant contends that the WAB was well within its rights to reverse the ALJ and impose a one-year debarment upon the plaintiffs. The Secretary opines that the correct standard of review by this Court is whether or not the WAB's decision was arbitrary or capricious in that it lacked a rational basis in fact or law.

The plaintiffs' assert that the recent case of *Miree Construction Corp. v. Dole*, 930 F.2d 1536 (11th Cir.1991) mandates that this Court conduct a *de novo* review of the WAB's decision. They believe that under *Miree* the agency is entitled to significant deference only if its decision reflects validity and consistency based upon the agency's prior rulings. The plaintiffs contend that under this standard of review, this Court must reverse the WAB because they believe the decision of the WAB "stands in sharp contrast to prior decisions which interpret "willfull" violations of the Davis–Bacon related acts."

The Court has reviewed the *Miree* case and finds it inapplicable to the case at hand. Furthermore, even if *Miree* were controlling, the Court finds that the WAB's decision in the present matter was consistent with prior and subsequent decisions in similar situations.

█ The Court finds the appropriate standard of review for the WAB's debarment ruling is the Administrative Procedure Act's arbitrary or capricious standard. 5 U.S.C. § 706(2)(A). *See also, Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413–414, 91 S.Ct. 814, 822–23, 28 L.Ed.2d 136 (1971). This standard of review is extremely deferential to the administrative agency. A court is not to substitute its judgment for that of the agency unless the agency's decision is lacking in a rational basis of fact or law. *Sutton v. U.S. Department of Housing and Urban Development*, 885 F.2d 471 (8th Cir.1989); *see also, Ethyl Corp. v. EPA*, 541 F.2d 1 (D.C.Cir.1976), *cert. den.*, 426 U.S. 941, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976). In order to adjudge whether or not an agency decision is rationally based, a court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Overton Park*, 401 U.S. at 416, 91 S.Ct. at 823–24.

█ The defendant Secretary has submitted several decisions which clearly demonstrate the WAB's consistent findings of "aggrevated or wilfull" violations of the Contracts Work Hours and Safety Standards Act, 40 U.S.C. 327 *et seq.*, in very similar fact situations to the case at hand. Defendants do not dispute that in all these cases, the violations consisting of the failure to pay the applicable prevailing wage and overtime rates and the submission of inaccurate, incomplete, and unsigned certified payrolls were found to be aggravating or wilfull. Furthermore, the defendants do not dispute that in all of these cases, the consequence of these violations was debarment.

It is equally clear from the cases that the ALJ's legal conclusions were in error. The Secretary's submitted caselaw shows that inadvertence, mistake, or lack of intent to defraud are not the legal standard appropriate under the governing Department of Labor regulations. The WAB had a rational basis in law and fact to reverse the ALJ's decision.

Finally, the Court is hard-pressed to find the WAB's action to be arbitrary and capricious in light of the fact that the plaintiffs could have easily been debarred for three years. It appears from the minimum debarment period that the WAB did take into consideration the fact that the plaintiffs had stipulated to the violations and did pay the back wages owed.

In light of this Court's findings, the plaintiffs' motion for summary judgment

will be denied and the Secretary's motion for summary judgment will be granted.