HUD TENANTS COALITION; Samuel
Rivers, Appellants,

v.

UNITED STATES DEPARTMENT OF
HOUSING & URBAN DEVELOP-
MENT; Alphonso Jackson, Secretary,
United States Department of Housing
& Urban Development; Marge Della
Vecchia, Executive Director, New Jer-
sey Housing and Mortgage Finance
Agency; Anthony Cupano, Director,
Housing Management Division, New
Jersey Housing and Mortgage Finance
Agency & Urban Development.

No. 07–1135.

United States Court of Appeals,
Third Circuit.

Argued on Jan. 28, 2008.

Filed: April 2, 2008.

Michael Barbosa, Esq. [Argued], Shavar
D. Jeffries, Esq., Seton Hall Law School,
Newark, NJ, Counsel for Plaintiffs–Appel-
lants HUD Tenants Coalition; Samuel
Rivers.

Colette R. Buchanan, Esq., Office of the
United States Attorney, Newark, NJ,
Counsel for Defendants–Appellees United
States Department of Housing & Urban
Development; Alphonso Jackson, Secre-
tary, United States Department of Hous-
ing & Urban Development.

Robert J. Shaughnessy, Jr., Esq., Office
of Attorney General of New Jersey, De-

partment of Law and Public Safety, Trenton, NJ, Counsel for Defendants–Appellees Marge Della Vecchia, Executive Director, New Jersey Housing and Mortgage Finance Agency; Anthony Cupano, Director, Housing Management Division, New Jersey Housing and Mortgage Finance Agency & Urban Development.

Before: SCIRICA, Chief Judge, and RENDELL, Circuit Judge, and THOMPSON,* District Judge.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellants HUD Tenants Coalition and Samuel Rivers (collectively, "HTC") appeal the final judgment of the United States District Court for District of New Jersey (Martini, J.), dismissing HTC's complaint against the United States Department of Housing and Urban Development ("HUD") and several executives from both HUD and the New Jersey Housing and Mortgage Finance Agency ("HMFA"). The complaint alleged violations of the Administrative Procedure Act ("APA"), the National Housing Act ("NHA"), procedural due process, and New Jersey state law in relation to several Section 236 rent-increase applications reviewed by HMFA and approved by HUD for the Zion Towers Apartments between 1999 and 2004. On appeal, HTC challenges HUD and HMFA's approval of Zion Towers, Incorporated's ("ZTI") rent-increase requests despite alleged inadequacies in its rent-increase applications.[1] Specifically, HTC argues that ZTI's "narrative statement[s] of reasons for the requested increase[s] in maximum permissible rents" and "status report[s] on the project's implementation of its current Energy Conservation Plan," required under 24 C.F.R. § 245.315(a),[2] were insufficient to permit tenants to meaningfully comment on the proposed increases. Further, HTC argues that it holds a property interest in the notice and comment opportunities outlined by relevant federal and state statutes and regulations and was denied constitutional due process when those opportunities were not meaningfully afforded. For the reasons stated below, we will affirm.

## DISCUSSION[3]

## I. Jurisdiction

■ First, as an initial matter, we must examine whether the District Court prop-

---

* Honorable Anne E. Thompson, Judge of the United States District Court for the District of New Jersey, sitting by designation.

1. In its appellate briefing and before the District Court, HTC also challenged ZTI's legal capacity to seek rent increases during the periods in which its corporate status was revoked. As HTC conceded this aspect of its appeal at oral argument, we address it no further here.

2. The implementing regulations applicable to HMFA are substantially similar to the federal regulations on which HTC focuses most of its arguments. Under N.J.A.C. 5:80–9.4(a)(3) and (a)(4), a rent increase application for Section 236 developments "shall consist of[, *inter alia*,] a status report on the housing project's implementation of its current energy conservation plan; [and a] narrative statement of the reasons for the rent increase."

3. As we write for the benefit of the parties alone, we need not undergo a lengthy recitation of the facts, which, in any event, are not in dispute at this stage in the proceedings. In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir.1998). A more fulsome factual summary was set forth by the District Court in *HUD Tenants Coal. v. U.S. Dep't of Hous. & Urban Dev.*, No.

erly exercised jurisdiction over HTC's complaint, an issue raised by HUD. HUD contends that its decisions to approve ZTI's rent-increase requests are not subject to judicial review under the APA, as those decisions are strictly committed to agency discretion. HTC responds that "it is well-settled that agencies do not possess the discretion to disregard specific legal obligations and, even assuming HUD possesses substantive discretion to make rent-increase determinations, it may not exercise that discretion in a matter that violates federal law." (Appellants' Reply Br. 14.) We agree that HUD's actions are not immune from review.

HUD's jurisdictional argument is based on a misreading of HTC's claims. HTC does not challenge the substantive determinations underlying HUD's decisions to approve ZTI's rent-increase applications, but instead challenges "HUD's compliance with the specific *procedural* protections prescribed by the Due Process Clause, the NHA, and federal regulations." (Appellant's Reply Br. 16 (emphasis in original).) There is no question that the APA provides the District Court with the authority to review this type of challenge; in fact, the APA explicitly *requires* a reviewing court to "hold unlawful and set aside agen-

cy action, findings, and conclusions found to be[, *inter alia*,] without observance of procedure required by law." 5 U.S.C. § 706(2)(D). As we recognized in *Hondros v. United States Civil Service Commission,* 720 F.2d 278, 293 (3d Cir.1983), "even those actions 'committed to agency discretion by law' are reviewable on grounds that . . . the decision violates any constitutional, statutory, or regulatory command." Accordingly, HUD's jurisdictional argument is simply without merit.[4]

## II. Procedural Challenge

In its Letter Opinion dismissing HTC's complaint, the District Court asked, *inter alia,* "whether the tenants of Zion Towers were provided with statutorily sufficient information before [ZTI]'s rent-increase proposals were granted." Dist. Ct. Op. at *4. After reviewing the relevant federal and state statutes, regulations, and case law, the District Court answered this question in the affirmative. We agree.

The NHA explicitly requires that Section 236 tenants be provided with "adequate notice of, reasonable access to relevant information about, and an opportunity to comment on [rent-increase requests,] and that such comments are taken into consideration by the Secretary."[5] 12

---

05–cv–3283, 2006 WL 3733285, at * 1–3 (D.N.J. Dec. 15, 2006) ("Dist. Ct. Op.").

**4.** As recognized by HTC, even the cases cited by HUD in support of its jurisdictional argument actually support the District Court's exercise of jurisdiction in this case. *See, e.g., Sutton v. U.S. Dep't of Hous. and Urban Dev.,* 885 F.2d 471, 475 (8th Cir.1989) ("[S]cope of review in a situation in which, as here, an agency has exercised discretion on a matter that lies within its competence is to determine whether the agency has exceeded statutory authority, has acted arbitrarily, or has failed to follow the necessary procedural requirements."); *Grace Towers Tenants Ass'n v. Grace Hous. Dev. Fund Co., Inc.,* 538 F.2d 491, 496 (2d Cir.1976) ("[O]ur finding of non-

reviewability herein does not preclude review of questions pertaining to the agency's jurisdiction or compliance with constitutional and statutory demands.").

**5.** Section 1715z–1b(a) explains that its purpose is to ensure meaningful tenant participation in the administration of multifamily housing process:

The purpose of this section is to recognize the importance and benefits of cooperation and participation of tenants in creating a suitable living environment in multifamily housing projects and in contributing to the successful operation of such projections, including their good physical condition, proper maintenance, security, energy efficiency, and control of operating costs.

U.S.C. § 1715z–1b(b)(1). HTC contends that, due to insufficiencies in ZTI's rent-increase applications, the tenants of Zion Towers were "not provided information sufficient to constitute 'adequate notice' of the reasons supporting the rent increase, and were not provided 'reasonable access to relevant information about' the request, nor a meaningful opportunity to comment" (Appellant's Br. 21) as prescribed by 12 U.S.C. § 1715z–1b(b)(1). HTC specifically challenges the sufficiency of ZTI's "narrative statement[s] of reasons for the requested increase[s] in maximum permissible rents" and "status report[s] on the project's implementation of its current Energy Conservation Plan," as required by 24 C.F.R. § 245.315(a)(3), (a)(5). *See also* N.J.A.C. 5:80–9.4(a)(3), (a)(4).

▮ The District Court recognized that although federal regulations require a Section 236 rent-increase application to include "[a] narrative statement of the reasons for the requested increase in maximum permissible rents" and "[a] status report on the project's implementation of its current Energy Conservation Plan," 24 C.F.R. § 245.315(a)(3), (a)(5), the regulations do not define "narrative statement" or "status report." In considering what these terms might require, the Court inferred from HMFA's letters to Mr. Rivers[6] and from HUD's approval of ZTI's applications that the agencies found that ZTI's materials satisfied the narrative statement and ECP status report requirements. After laying out the basic

principle that an agency's reasonable interpretation of its own regulations merits "substantial judicial deference," Dist. Ct. Op. at *6 (citing *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 315 (3d Cir.2006); *Mutschler v. N.J. Dep't of Envtl. Prot.*, 337 N.J.Super. 1, 766 A.2d 285, 292 (2001)), the District Court concluded that "HMFA and HUD's determination that the narrative statement and ECP were sufficient falls within their controlling interpretation of the relevant regulations," *id.*

We find no error in the District Court's reasoning. It is clear from the record that the tenants of Zion Towers, including Mr. Rivers, were in fact provided with an opportunity to review and comment on ZTI's rent-increase requests, as required by 12 U.S.C. § 1715z–1b(b)(1). As the District Court recognized, HTC's own complaint references the dialogue between Mr. Rivers and HMFA regarding the content of ZTI's rent-increase applications. While Mr. Rivers may not have received the responses for which he had hoped,[7] he did receive the consideration to which he was entitled. In the end, it was not error for the District Court to defer to HUD and HMFA's reasonable interpretations of their own regulations absent plain error or clear inconsistency between the agencies' interpretations and the regulations themselves. *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *In re Freshwater*

---

Additionally, HUD regulations explain that, for Section 236 purposes, "HUD supports the active involvement of tenants in creating and maintaining a suitable living environment and in contributing to the successful operation of their multifamily housing projects." *Tenant Participation in Multifamily Housing Projects*, 64 Fed.Reg. 32,782–01 (June 17, 1999).

6. In regard to ZTI's 1999, 2001, 2002, 2003, and 2004 rent-increase applications, the rec-

ord indicates that Mr. Rivers wrote to HMFA, complaining that ZTI's narrative statements and ECP status reports were inadequate. HMFA responded to these letters on several occasions, stating that it considered ZTI's narrative statements and status reports to be sufficient. Dist. Ct. Op. at *5.

7. In 2001, ZTI revised its application in response to Rivers' letter.

*Wetlands Prot. Act Rules,* 180 N.J. 415, 852 A.2d 167, 184 (2004). We find neither. Accordingly, we will AFFIRM.[8]

---

8. Because we uphold the agencies' reasonable interpretations of the applicable regulations, HTC's due process claim—which relies on its assertion that HTC has a protected property interest in the procedures created by the federal and state statutes and regulations governing the rent-increase process—necessarily fails.